UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRUCE PARKER,

          Plaintiff,

v.

UNKNOWN REDDIN et al.,

          Defendants.

_____/

Case No. 1:17-cv-956

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Washington and Andersen. The Court also will dismiss Plaintiff's claims on behalf of other inmates and his request for class certification. The Court will serve the complaint against Defendants Reddin, Klatt, Stevenson, and Stephan.

**Discussion**

## I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan.  Plaintiff sues MDOC Director Heidi Washington and the following DRF officials: Correctional Officers (unknown) Reddin, (unknown) Stephenson, and (unknown) Stephan; Prison Counselor (unknown) Klatt; and Resident Unit Manager (unknown) Andersen.

Plaintiff purports to bring his complaint on behalf of all similarly situated African-American prisoners in the MDOC, contending that the MDOC has a discriminatory practice and custom of mandating harsher penalties when African-American prisoners are found guilty of prison infractions.  In addition, Plaintiff claims that African-Americans are subject to discrimination and are recipients of a disproportionate number of false and retaliatory misconduct charges.  As a result, he asserts, African-American prisoners are subjected to substandard living conditions.

Plaintiff specifically alleges that, on July 16, 2017, Correctional Officer Kalnins (not a Defendant) searched Plaintiff's cell.  During the search, Kalnins opened every pack of Plaintiff's potato chips and toothpaste.  Plaintiff filed a grievance against Kalnins that same day.

On July 18, 2017, while Plaintiff was walking to the prison big yard, he and another prisoner were stopped at the yard shack for a search.  Defendant Reddin came out of the shack and told Plaintiff, "I heard you like filing grievances.  [I]f I were you Parker I would stop before you['re] loaded with tickets." (Compl., ECF No. 1, PageID.6.)  When Plaintiff asked what Reddin meant, Reddin responded

> When I searched you at lunch today and you didn't have your [ID] I went to your
> housing unit to verify who you were and this is when I was told by your unit

officers[] Miller and Hopkins that you like filing grievances and had written a bullsh*t grievance on Kalnins.

(*Id.*) Plaintiff responded that he had the right to file grievances, but Reddin told Plaintiff that he had no rights as a convict. Later that day, Reddin filed an allegedly false and retaliatory misconduct ticket against Plaintiff for being out of place. Plaintiff complains that he had a valid, handwritten pass permitting him to be out of the unit, which was supposed to be valid until Plaintiff had been issued a replacement identification card.

After the encounter with Reddin, Plaintiff went into Defendant Klatt's office for classification to a prison job. Defendant Klatt asked Plaintiff why he had filed a grievance against Officer Kalnins. Plaintiff told Klatt that Kalnins had opened all of his potato chips and toothpaste. Klatt responded, "He can do that." (*Id.*) Klatt continued, "Parker you have a chip on your shoulder and if you don't w[a]nt your cell tor[n] up everyday I would lay back." (*Id.*) Plaintiff complained that he had a constitutional right to file grievances. Klatt told Plaintiff to leave the office. Plaintiff filed a grievance against Klatt for threats and retaliation.

On July 26, 2017, Plaintiff decided to speak with Deputy Warden Fenby about Defendant Klatt's conduct. Fenby spoke with Klatt shortly after speaking with Plaintiff. Later that evening, Fenby moved Plaintiff from his quiet cell to an extremely loud and obnoxious cube, where Plaintiff could not sleep or concentrate on his legal work. An unnamed witness overheard Defendant Klatt say, "Let[']s see how much work Parker gets done without sleep." (*Id.*, PageID.7.) Plaintiff filed another grievance against Klatt, alleging retaliation.

On July 31, Plaintiff was found guilty of the Class II misconduct written by Reddin for allegedly being out of place. Plaintiff appealed the guilty finding. On September 1, 2017, the finding was overturned on the grounds that a hearing had not been held within seven days.

While Plaintiff was reading the bulletin board outside Klatt's office on August 17, 2017, he overheard Klatt say to Officer Bosley that "that f***er Parker was going to be in segregation as soon as he [defendant Klatt] moved plaintiff to C-Unit later that day." (*Id.*, PageID.8.) Plaintiff went to Klatt's door to ask why Klatt was constantly harassing and threatening to send Plaintiff to C-Unit. Klatt responded, "It's no threat[,] you['re] moving and I've informed C/O's Stevenson and Neve to give you a proper invite." (*Id.*) When Plaintiff asked what Defendant Klatt meant, Klatt responded that he would see when he got to segregation. Plaintiff was moved to C-Unit that evening.

Defendant Stevenson came to Plaintiff's cell on August 24, 2017, asking whether Plaintiff intended to sign off on his grievance against Defendant Klatt. Plaintiff refused, saying Defendant Klatt should not have targeted Plaintiff. Stevenson responded, "I don't know who you think you are but honestly do you think anyone is going to take your word over Pc Klatt or me?" (*Id.*) Stevenson then ordered Plaintiff out of the cell, saying "I'm going to shake it down and if you don't sign off on your grievances against Pc Klatt and stop filing grievances your black a** will be set up with weapons and dangerous contraband and let[']s see you beat that ticket from segregation." (*Id.*) Plaintiff left, and when he returned, his cell was in complete disarray and a signed affidavit in support of the grievance against Kalnins had been destroyed. Plaintiff filed a grievance against Stevenson the same day.

On August 26, 2017, at 2:25 p.m., Plaintiff was called into the office. Worrying about Defendant Stevenson's behavior, Plaintiff brought another prisoner, Jimmie Powell, as a witness. Once in the office, Plaintiff was extensively questioned by Defendant Stephan, who asked why Plaintiff had lied about Defendant Stevenson. Plaintiff denied lying, but Stevenson blurted, "Bulls**t you lied on me you f***ing Ni**er." (*Id.*, PageID.9.) Plaintiff asked that a sergeant be

4

called, but Stephan refused, saying Plaintiff was what Stevenson had called him and that he was "going to get his f***ing a** whooped." (*Id.*) Defendant Stephan demanded Plaintiff's identification, saying, "You just f***ed up Mr. Parker and sending letters to that Ni**er warden isn't going to help you." (*Id.*) Plaintiff attaches the affidavit of witness Jimmie Powell to his complaint. (*Id.*, PageID.9, 21.)

On August 28, 2017, shortly before noon, Plaintiff was stopped by Defendant Stevenson, who stated, "I'm still going to kick your a** you little rat motherf***er who likes to file grievances." Plaintiff asked Stevenson to please stop threatening Plaintiff. Stevenson responded, "This isn't a threat." (*Id.*) Plaintiff promptly filed another grievance.

Plaintiff was called into the office by Defendant Andersen on August 29, 2017. Andersen accused Plaintiff of lying about Stevenson and Stephan and advised Plaintiff, "if you don't w[a]nt your security level increased stop filing grievances as it does no good and only puts a target on your back." (*Id.*, PageID.10.) Plaintiff again responded that he had a right to file grievances. Andersen responded that Plaintiff did not have that right and repeated his warning. Andersen also stated that he did not believe that Stevenson and Stephan made the comments because he knew they were not racists.

Plaintiff alleges that the MDOC has widespread abuse targeting African-American prisoners. He alleges that Defendant Washington was placed on notice of the problem, citing six cases filed arising in six facilities decided between 2005 and 2017, in which plaintiffs have alleged racial disparity in discipline, and an action filed by a correctional officer decided in 1999. Plaintiff states that he has written numerous letters to Defendant Washington about the alleged discriminatory treatment, but she has not taken any action. He filed a grievance on the issue on August 24, 2017.

Plaintiff claims that Defendants Reddit, Klatt, Stevenson, Stephan, and Andersen have retaliated against him in violation of the First Amendment and destroyed his legal property in violation of his right to access the courts. He alleges that all Defendants have subjected him to constant harassment and racial bias in violation of the Eighth Amendment. In addition, he claims that Defendant Washington has failed to protect Plaintiff and all other African-Americans from being targeted on the basis of race. Finally, Plaintiff claims that Defendants Washington, Reddin, Stevenson, and Stephan have denied Plaintiff equal protection and due process solely on the basis of his race.

Plaintiff seeks injunctive relief, together with compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.      Claims of Others

To the extent that Plaintiff purports to bring his action on behalf of others, his claims will be dismissed. Plaintiff lacks standing to assert the constitutional rights of other prisoners. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). As a layman, Plaintiff may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978).

Moreover, to the extent that Plaintiff seeks by his allegations to bring a class action, the Court construes this as a request for class certification. For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation.

*See* FED. R. CIV. P. 23(a)(4).  It is well established that *pro se* litigants are inappropriate representatives of the interests of others.  *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000).  Because Plaintiff is an incarcerated *pro se* litigant, the Court finds that he is not an appropriate representative of a class. Therefore, the Court will deny Plaintiff's request for class certification.

B.      Defendants Washington and Andersen

Plaintiff alleges that Defendant Washington is responsible for the actions of the DRF Defendants.  He suggests that she should have been aware of a widespread institutional practice of racism because of six cases filed by individual plaintiffs over ten years, in which the plaintiffs alleged that individuals at six different facilities had engaged in racist behavior against those plaintiffs.  Plaintiff also alleges that he sent letters to Defendant Washington which should have placed her on notice of the misconduct of the Defendants in the instant case.  In addition, Plaintiff alleges that Defendant Andersen violated his rights by refusing to uphold his grievance against Defendants Stevenson and Andersen.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can

supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance or complaint from a prisoner. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff's limited citation of cases in support of his claim of widespread discrimination are wholly inadequate to support his claim against Defendant Washington. None of the six cases arose out of conduct at DRF, and while one case disallowed summary judgment on certain claims, the rest were dismissed or denied on summary judgment, and none contains a finding of systemic, MDOC-wide discrimination. *See Lacy v. Duell*, No. 1:14-cv-537, 2017 WL 2779187 (W.D. Mich. June 27, 2017) (granting summary judgment to the last remaining defendant on a retaliation claim); *Churn v. Parkkila*, No. 2:11-cv-166, 2014 WL 710930 (W.D. Mich. Feb. 24, 2014) (rejecting objections to report and recommendation granting summary judgment); *Cromer v. Masker*, No. 2:13-cv-15, 2013 WL 1500697 (W.D. Mich. Apr. 10, 2013) (dismissing action for failure to state a claim); *Guile v. Ball*, No. 1:12-cv-444, 2012 WL 1932792 (W.D. Mich. May 29, 2012) (dismissing action for failure to state a claim); *Fitts v. Burt*, No. 05-cv-73112 (E.D. Mich. June 26, 2008) (adopting report and recommendation granting motion to dismiss for failure to exhaust administrative remedies); *Kanitz v. White*, Nos. 03-10180-BC, 03-10322-BC, 2005 WL 3132210 (E.D. Mich. Nov. 22, 2005) (opinion adopting in part and rejecting in part report and recommendation on summary judgment).

Plaintiff's remaining allegation against Defendant Washington is that she did not respond to his correspondence complaining about the DRF Defendants' conduct. Similarly, Plaintiff alleges that Defendant Andersen did not properly resolve Plaintiff's grievance against Defendants Stevenson and Stephan. As discussed above, allegations that a defendant failed to act or failed to resolve a grievance or complaint in Plaintiff's favor are insufficient to demonstrate active unconstitutional behavior. *Shehee*, 199 F.3d at 300. Accordingly, Plaintiff fails to state a claim against Defendants Washington and Andersen.

C.      Defendants Reddin, Klatt, Stevenson, and Stephan

Upon review, the Court concludes that Plaintiff's allegations against Defendants Reddin, Klatt, Stevenson, and Stephan are sufficient to warrant service of the complaint.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Washington and Andersen will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also will dismiss Plaintiff's claims on behalf of others and his request for class certification. The Court will serve the complaint against Defendants Reddin, Klatt, Stevenson, and Stephan.

An Order consistent with this Opinion will be entered.


Dated:    December 7, 2017              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE